*LUDELING'S SYNDICS* vs. *POYDRAS' EXECUTORS.*

APPEAL from the court of the third district.

PORTER, J., delivered the opinion of the court. This case has been heard on an application to modify the decree of this court, so far as to remand the cause, instead of rendering final judgment.

The principal difficulty we have felt in coming to a decision, arises from the law under which these proceedings were commenced having been repealed before final judgment was rendered. Our attention has been drawn to it, from the circumstance of the law respecting the forced surrender, and the voluntary, being different in relation to the manner creditors should be cited, on the syndics filing the tableau of distribution, though alike in requiring opposition to be in

If the law, which prescribes the mode of citing an insolvent's creditor, when the syndics present the tableau, be repealed, and the proceedings are continued on to final judgment, without any objection below or in this court, the error is waived.

Creditors are cited to oppose the tableau, by publications, but to bring them into court in the first instance, personal notice is necessary as to those who reside in the parish.

writing.   We have finally concluded, that, as the creditors continued to act in the *concurso* after the repeal of the law under which it commenced, and have not made the objection either in the inferior court or this, the error, if it be one, is cured by their assent.

It has been contended, that the creditors were not duly cited to oppose the tableau, and that consequently they were not bound to make opposition either orally or in writing.

The first ground alleged to show this defect, is, that the mode of citation on filing the tableau, should pursue the same formalities as when the creditors are called into court at the first meeting.

We think not. The act of assembly directs, that the creditors shall be called by bills or publications to oppose the tableau; but to bring them into court in the first instance, personal notice is necessary, if they reside within the parish.

The second is, that as the proceedings took place out of New-Orleans, notice should have been given by bills stuck up, and not by publication. But the act says either, and makes no distinction between cases in the city and out of it.

The last objection is, that notice was not given three times in two newspapers published in New-Orleans.

This allegation is attempted to be supported on a contradictory statement, found on the minutes of the court, which has been copied into the record. It states, that six newspapers were produced on the trial; *three* of the Louisianian and Friend of the Laws, and *three* of the Courrier de la Louisiane, of different dates, viz: *three* of the Louisianian or Friend of the Laws of the 28th January and the 4th and 5th of February, and *three* of the Courrier de la Louisiane of the 3d and 4th of February. From the repeated enunciation of three of each these newspapers being produced, we should rather be inclined to think the omission to insert the date of the latter, a clerical error; but we do not feel it necessary to decide the case on this ground, for, the bill of exceptions expressly states, that *due* notice was given in the newspapers.

This is sufficient, and it does not appear to us the judgment of the court requires any alteration. *Ante*, 601.

*Seghers* for the plaintiffs.